**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 09-01292-CJC(MLGx)                                   Date: November 10, 2009

Title: <u>MOHAMMAD ESMAILI ET AL. V. MATTHEW WAYNE ALTMYER</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>                                             <u>    N/A    </u>
Deputy Clerk                                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                 None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**

Plaintiff Mohammad Esmaili or Young T. Kim as Trustee of the Scholarship Trust (the "Scholarship Trust") filed this case in Superior Court of Orange County for unlawful detainer against Defendant Matthew Wayne Altmyer on October 7, 2009. (Notice of Removal, Ex. 1.) Mr. Altmyer, a pro-se litigant, removed the case to this Court on November 5, 2009, alleging federal question and diversity jurisdiction.

A district court must remand a case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. §1447(c). A federal court can assert subject matter jurisdiction where a case either raises a question under federal law or is between diverse parties and involves an amount in controversy of over $75,000. 28 U.S.C. §§ 1331, 1332.

Mr. Altmyer argues that this case arises under federal law and that there is complete diversity of the parties in a dispute of over $75,000. His assertions are completely conclusory. First, the Court does not have federal question jurisdiction because this appears to be a straightforward action for unlawful detainer, a state-law claim. Second, there does not appear to be diversity jurisdiction. Mr. Altmyer is a citizen of California. The citizenship of a trust is determined based on the citizenship of its trustees. *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 464 (1980). Mr. Altmyer does not allege that the trustees of the Scholarship Trust are not citizens of California. In any

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 09-01292-CJC(MLGx)　　　　　　　　　　Date:  November 10, 2009
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

case, the Scholarship Trust seeks less than $10,000 from Mr. Altmyer.  (Notice of Removal, Ex. 1.)

　　　　Therefore, the Court, on its own motion, hereby orders Mr. Altmyer to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.  Mr. Altmyer shall file a response to the Court's order to show cause by December 7, 2009.  The Scholarship Trust will then have until December 14, 2009, to file and serve its position.  Upon the filing of Mr. Altmyer's opposition, the matter will stand submitted.


jhp

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk MU